IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICK WOODRUFF,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br>1:14-CV-03981-WSD-GGB |

## **FINAL REPORT AND RECOMMENDATION**

This quiet title action is before the court on the Rule 12(b)(6) motion to dismiss filed by the defendant, Nationstar Mortgage LLC ("Nationstar" or "Defendant"). [Doc. 3]. Plaintiff is proceeding in this matter *pro se*. For the reasons stated below, I recommend that Nationstar's motion to dismiss be granted.

## **I. BACKGROUND**

Plaintiff's complaint is devoid of any facts supporting the allegations. Therefore, the following facts are taken from Nationstar's notice of removal, the exhibits attached thereto, and Nationstar's motion to dismiss and attachments.[1]

---

[1] Unless otherwise indicated, the facts set forth herein do not constitute findings of fact by the Court.

On or about November 23, 2005, Plaintiff obtained a loan from CitiMortgage, Inc. ("CitiMortgage" or "Lender") in the amount of $182,500.00 to finance or purchase the real property located at 100 Timberwalk, Peachtree City, Georgia, 30269 (the "Property"). Repayment of the loan was secured by a Security Deed. [Doc. 1-2 at 2-3, "Security Deed"].[2] Under the terms of the Security Deed, Plaintiff granted the Lender and the Lender's successors and assigns with the power of sale of the subject Property in the event that Plaintiff defaulted on his loan obligations. [Id. at 4]. The Security Deed was duly recorded in the property records of Fayette County, Georgia, in Deed Book 2910, Page 526. [Doc. 1-3 at 2].

On November 24, 2010, CitiMortgage assigned the Security Deed and all of its rights thereunder to Nationstar. [Doc. 3-3 at 2, "Assignment"]. The Assignment was duly recorded in the Fayette County property records on December 8, 2010 in Book 3707, Page 257. [Id.]. On February 4, 2014, Nationstar exercised the power of sale and conducted a non-judicial foreclosure sale. [See Doc. 1-3 at 2, "Deed Under Power"; Doc. 3-1 at 2].

---

[2] The court is permitted to take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See Universal Express, Inc. v. United States Sec. and Exch. Comm'n, 177 F. App'x 52, 53 (11th Cir. 2006).

On or about October 1, 2014, Plaintiff, proceeding *pro se*, initiated this action by filing a complaint to quiet title in the Superior Court of DeKalb County, Georgia. [Doc. 1-1 at 3, Compl.]. On December 15, 2014, Nationstar removed the case to this court on the basis of diversity jurisdiction. On December 22, 2014, Nationstar filed the instant Rule 12(b)(6) motion to dismiss [Doc. 3] and a motion to stay discovery and pretrial deadlines [Doc. 4], which is the subject of a separate order.

Plaintiff has not filed a response to Nationstar's motion to dismiss, and the time for doing so has passed. Local Rule 7.1(B) provides that "[f]ailure to file a response shall indicate that there is no opposition to the motion." LR 7.1(B), NDGa. Therefore, Nationstar's motion to dismiss shall be treated as unopposed. Welch v. Delta Air Lines, Inc., 978 F. Supp. 1133, 1148 (N.D. Ga. 1997).

## II. LEGAL STANDARD

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint need not contain "detailed factual allegations," but must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (citation omitted).

In Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009), the Supreme Court clarified the pleading standard for civil actions, stating:

3

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. at 678, 129 S. Ct. at 1949 (internal quotes and citations omitted).

The Iqbal Court went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss," the Supreme Court then advised that "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere

4

possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (other citations omitted).

Complaints filed *pro se* are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). All reasonable inferences are to be made in favor of the plaintiff. Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).

### III. **DISCUSSION**

Applying these standards, I find that Nationstar's motion to dismiss should be granted.

Plaintiff's complaint contains no numbered paragraphs or identifiable causes of action. Instead, the complaint sets out nine bullet points questioning Nationstar's right to foreclose "since they are only the servicer of the loan" and requesting certain documents, including forensic and securitization audits, the name and address of the

trustee over the mortgage and foreclosure, and proof that Plaintiff has not been "the victim of ROBO SIGNING." [Doc. 1-1, Compl., at 3-4]. Plaintiff's complaint also asks Nationstar to "PRODUCE THE NOTE." [Id. at 4]. Plaintiff alleges that Nationstar illegally foreclosed on the Property "without following the proper guidelines," including allegedly failing to give him a "30 Day Borrower Response Period" once his modification under HAMP was denied. [Id. at 3].

## A.   Wrongful Foreclosure

To the extent Plaintiff is seeking to assert a claim for wrongful foreclosure, he has failed to state a plausible claim. To state a valid claim for wrongful foreclosure, a plaintiff must allege and show a legal duty owed to the plaintiff by the foreclosing party, a breach of that duty, a causal connection between the breach and the injury sustained, and damages. Brown v. Federal Nat'l Mortg. Ass'n, No. 1:10-cv-03289-TWT-GGB, 2011 WL 1134716, at *6 (N.D. Ga. Feb. 28, 2011) (citing Gregorakos v. Wells Fargo Nat'l Ass'n, 285 Ga. App. 744, 747-48, 647 S.E.2d 289, 292 (2007)); Heritage Creek Dev. Corp. v. Colonial Bank, 268 Ga. App. 369, 371, 601 S.E.2d 842, 844 (2004).

A foreclosing party has the duty to exercise fairly the power of sale in a deed to secure debt, under O.C.G.A. § 23-2-114. Peterson v. Merscorp Holdings, Inc., No. 1:12-cv-00014-JEC, 2012 WL 3961211, at *5 (N.D. Ga. Sept. 10, 2012) (citing Calhoun First

6

Nat'l Bank v. Dickens, 264 Ga. 285, 285, 443 S.E.2d 837 (1994)). "A claim for wrongful exercise of a power of sale under O.C.G.A. § 23-2-114 can arise when the creditor has no legal right to foreclose." DeGolyer v. Green Tree Servicing, LLC, 291 Ga. App. 444, 448-49, 662 S.E.2d 141, 147 (2008) (quoting Brown v. Freedman, 222 Ga. App. 213, 214, 474 S.E.2d 73, 75 (1996)). "[A] violation of [Georgia's foreclosure] statute is necessary to constitute a wrongful foreclosure." McCarter v. Bankers Trust Co., 247 Ga. App. 129, 132, 543 S.E.2d 755, 758 (2000) (citing O.C.G.A. §§ 23-2-114, 44-14-160, *et seq.*) (other citations omitted)).

In this case, Plaintiff has failed to identify what "proper guidelines" Nationstar allegedly failed to follow. Plaintiff has also failed to allege any facts to support the elements of a wrongful or "illegal" foreclosure claim, including damages. Nor does Plaintiff's complaint indicate or even tend to imply that Nationstar in any way violated Georgia's foreclosure statute.

Plaintiff's claim for wrongful foreclosure also fails because Plaintiff has not alleged or shown that he tendered or even offered to tender – prior to or after the foreclosure – the amount due on his loan. "Under Georgia law, a debtor who executes a security deed and defaults on a loan cannot enjoin foreclosure, or otherwise obtain equitable relief to cancel the deed, unless the debtor has first paid or tendered the amount

7

due on the loan." Edward v. BAC Home Loans Servicing, L.P., 534 F. App'x 888, 892 (11th Cir. 2013) (citing Taylor, Bean & Whitaker Mortg. Corp. v. Brown, 276 Ga. 848, 583 S.E.2d 844, 846 (2003)).

The tender requirement also applies to a debtor seeking to set aside a non-judicial foreclosure sale that has already taken place.  See Smith v. Citizens & S. Fin. Corp., 245 Ga. 850, 852, 268 S.E.2d 157, 159 (1980) (holding appellants were not entitled to set aside a sale under power when they had not tendered the indebtedness); Hill v. Filsoof, 274 Ga. App. 474, 475, 618 S.E.2d 12, 14 (2005) ("Before one who has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed, and injunction to prevent interference with the debtor's possession of the property conveyed by the deed, he must pay or tender to the creditor the amount of principal and interest due.").

Georgia courts routinely require plaintiffs to make sufficient tender before plaintiffs may have a foreclosure sale set aside due to an alleged defect in the foreclosure process.  See Mei Kuan Chen v. Wells Fargo Bank, N.A., No. 1:13-CV-3037-TWT, 2014 WL 806916, at *3 (N.D. Ga. Feb. 27, 2014) (citing Berry v. Government Nat'l Mortgage Ass'n, 231 Ga. 503, 202 S.E.2d 450 (1973) (rejecting the plaintiff's request to have a foreclosure sale set aside on the basis of improper advertising because she did

not "tender the amount due under the security deed and note."); Massey v. National Homeowners Sales Serv. Corp. of Atlanta, 225 Ga. 93, 99, 165 S.E.2d 854 (1969) ("In order to set aside the sale on any ground asserted by its pleadings other than the lack of authority to make the deed, or the foreclosure of the deed prior to its due date, it was incumbent on the appellee to make a proper tender of the amount of the debt due."); Ceasar v. Wells Fargo Bank, N.A., 322 Ga. App. 529, 532-33, 744 S.E.2d 369 (2013) ("[P]ayment or tender of the principal and interest due on their loan [is] a prerequisite to their claim to set aside the foreclosure sale. [Citation omitted]. Since the Ceasars admittedly fell behind on their mortgage payments, and they did not tender the balance due on their loan, the trial court did not err in dismissing their wrongful foreclosure claim.")).

Under Georgia law, Plaintiff is not entitled to the equitable relief he seeks because he has not alleged or shown that he tendered – or even offered to tender – the amount due on his loan either prior to or after the foreclosure.

For all the stated reasons, Plaintiff has failed to state a plausible claim for wrongful foreclosure. Accordingly, I recommend that Nationstar's Rule 12(b)(6) motion to dismiss Plaintiff's claim for wrongful foreclosure be granted.

9

### B.     Quiet Title

Plaintiff's complaint also fails to state a viable claim for quiet title.  Georgia law requires that a complaint in a quiet title action contain:

> a particular description of the land to be involved in the proceeding, a specification of the petitioner's interest in the land, a statement as to whether the interest is based upon a written instrument ... or adverse possession or both, a description of all adverse claims of which petitioner has actual or constructive notice, the names and addresses, so far as known to the petitioner, of any possible adverse claimant, and, if the proceeding is brought to remove a particular cloud or clouds, a statement as to the grounds upon which it is sought to remove the cloud or clouds.

O.C.G.A. § 23-3-62.

Plaintiff's complaint fails on all accounts to comply with the requirements of the Georgia statute: it does not identify the property, Plaintiff's interest in the property, or contain a "statement as to whether [his] interest is based upon a written instrument," as required under Georgia law.  Plaintiff has also failed to allege that he complied with the tender requirement.  In quiet title cases involving mortgages, Georgia law requires that a party first tender the amount due under the note and security deed before seeking the equitable remedy of quiet title.  Warthen v. Litton Loan Servicing LP, No. 1:11-cv-02704-JEC, 2012 WL 4075629, at *5 (N.D. Ga. Mar. 26, 2012) (citing Sapp v. ABC Credit & Inv. Co., 243 Ga. 151, 158, 253 S.E.2d 82 (1979)).  The allegations in the

complaint do not plausibly support the notion that Plaintiff owns the subject Property free and clear.

For the reasons stated, Plaintiff's quiet title action is due to be dismissed.

**C.   "Produce the Note"**

Plaintiff next alleges that Nationstar should be required to produce the note. This claim is wholly without legal or factual merit. Nothing in Georgia law requires a lender commencing foreclosure proceedings to first produce the original note. Cooke v. BAC Home Loans Servicing, LP, No. 1:11-CV-2126-TWT, 2011 WL 4975386, at *2 (N.D. Ga. Oct. 18, 2011). In Georgia, "this 'produce the note' theory has no bite" and has been repeatedly rejected by this Court. Id.; see also LaCosta v. McCalla Raymer, LLC, No. 1:10-cv-1171-RWS, 2011 WL 166902, at *4 (N.D. Ga. Jan. 18, 2011); Watkins v. Beneficial, HSBC Mortg., No. 10-cv-1999-TWT-RGV, 2010 WL 4318898, at *4 (N.D. Ga. Sept. 2, 2010); Brown v. Fed. Nat'l Mortg. Ass'n, No. 1:10-cv-3289-TWT-GGB, 2011 WL 1134716, at *6 (N.D. Ga. Feb. 28, 2011), *adopted by* 2011 WL 1136275, at *1 (N.D. Ga. Mar. 25, 2011).

For the reason stated, Plaintiff's claim that Nationstar be required to "produce the note" is due to be dismissed.

11

### D. Robo-Signing

Plaintiff's complaint requests proof that he has not been a victim of "robo-signing." Aside from the fact that Plaintiff has alleged no facts whatsoever to show that any of the documents at issue in this case were "robo-signed," this claim must fail because there is no such cause of action in Georgia. See Bragg v. Bank of America, N.A., No. 1:14-cv-564-WSD, 2014 WL 2154190, at *3 n.5 (N.D. Ga. May, 21, 2014); Wilson v. JP Morgan Chase Bank, N.A., No. 2:11-cv-00135-RWS, 2012 WL 603595, at *4 (N.D. Ga. Feb. 24, 2012) (no cause of action for "robo-signing" in Georgia); Reynolds v. JPMorgan Chase Bank, N.A., No. 5:11-cv-311 (MTT), 2011 WL 5835925, at *3 (M.D. Ga. Nov. 21, 2011)).

### E. Home Affordable Modification Program ("HAMP")

Finally, Plaintiff asserts that Nationstar failed to comply with certain HAMP guidelines or obligations. However, the Eleventh Circuit has held that no express or implied private right of action exists under HAMP. Miller v. Chase Home Finance, LLC, 677 F.3d 1113, 1116-17 (11th Cir. 2012).

### F. Remaining Allegations

Any and all remaining allegations are similarly without factual and/or legal support. Plaintiff has failed to plead any of the elements for any cause of action. To the

12

extent Plaintiff's allegations can be discerned, they fail to satisfy the rudimentary pleading requirements of Rule 8(a), as clarified in Iqbal/Twombly.

## IV.  CONCLUSION

Plaintiff's threadbare allegations fail to state a plausible claim and do not survive the Rule 12(b)(6) standard.  Accordingly, and for all the reasons stated, I **RECOMMEND** that Defendant Nationstar's unopposed Rule 12(b)(6) Motion to Dismiss [Doc. 3] be **GRANTED** in its entirety.

**IT IS SO RECOMMENDED**, this 19th day of February, 2015.

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE