IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICK WOODRUFF,

                Plaintiff,

v.

NATIONSTAR MORTGAGE,

                Defendant.

1:14-cv-3981-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation ("R&R") [7], which recommends granting Nationstar Mortgage's ("Defendant" or "Nationstar") Motion to Dismiss [3] Plaintiff Rick Woodruff's ("Plaintiff" or "Woodruff") Complaint [1.1 at 3-4].

**I.  BACKGROUND**

On November 23, 2005, Plaintiff executed, in favor of CitiMortgage, Inc. ("CitiMortgage"), a promissory note in the amount of $182,500, and a security deed ("Security Deed") to real property located at 100 Timberwalk, Peachtree City, Georgia ("the Property").  (Security Deed [3.2] at 1-4).[1,2]  Under the terms of the

---

[1] Melissa M. Woodruff, who also executed the Security Deed with Plaintiff, is not a party to this litigation.
[2] Defendant attaches to its Motion to Dismiss copies of the Security Deed, Assignment, and Deed Under Power.  These documents were are matters of public

Security Deed, Plaintiff "grant[ed] and convey[ed] to [CitiMortgage] and [CitiMortgage's] successors and assigns, with power of sale, the [Property]." (Id.).

On November 24, 2010, CitiMortgage assigned its rights, title, and interest in the Security Deed to Nationstar. (Assignment [3.3]).

On February 4, 2014, Nationstar, pursuant to the power of sale in the Security Deed, conducted a foreclosure sale of the Property. (See Deed Under Power [3.4]).

On October 1, 2014, Plaintiff, proceeding *pro se*, filed his Complaint in the Superior Court of DeKalb County, Georgia,[3] asserting claims for wrongful foreclosure and quiet title. In his two-page Complaint, Plaintiff asserts that he "is questioning the Defendant's right to foreclosure since they are only the servicer of the loan," that Defendant "[i]llegally foreclosed on [the Property] without following the proper guidelines," and that "Defendant did not give him the 30 Day Borrower Response Period once his modification under the Home Affordable Modification Program (HAMP) was denied." (Compl. at 1). Plaintiff requests a

---

record and the Court may consider them. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 355 (2007) (on a motion to dismiss, court must consider the complaint and matters of which it may take judicial notice); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1276-1278 (11th Cir. 1999) (court may take judicial notice of official public records and may base its decision on a motion to dismiss on the information in those records).
[3]   No. 14-cv-9617-5.

"Forensic Audit and a Securitization Audit," "the name and address of the trustee over the mortgage and foreclosure," "proof that he has not been a victim of ROBO SIGNING," and that Defendant "PRODUCE THE NOTE."  (Id. at 2).  Plaintiff also seeks compensatory damages and attorney's fees and costs.

On December 15, 2014, Defendant removed the DeKalb County Action to this Court based on diversity jurisdiction [1].

On December 22, 2014, Defendant filed its Motion to Dismiss.  Plaintiff did not respond to Defendant's Motion, and pursuant to Local Rule 7.1B, Defendant's Motion is deemed unopposed.  LR 7.1B, NDGa.

On February 19, 2015, Magistrate Judge Brill issued her R&R, recommending that Defendant's Motion to Dismiss be granted.

The parties did not file objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standards

#### 1.   Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).

A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).  The parties have not objected, or otherwise responded, to the R&R and the Court thus conducts a plain error review of the record.

    2.  Motion to Dismiss for Failure to State a Claim

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences."  Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010).  Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true."  Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (1996)).  Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true.  See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010)

4

(construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570)).  Mere "labels and conclusions" are insufficient.  Twombly, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  This requires more than the "mere possibility of misconduct."  Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible."  Id. at 1289 (quoting Twombly, 550 U.S. at 570).

Complaints filed *pro se* are to be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the

5

Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

    B.    Analysis

        1.    Wrongful Foreclosure

Plaintiff conclusorily asserts that "Defendant [i]llegally foreclosed on [the Property] without following proper guidelines." (Compl. at 1). Magistrate Judge Brill found that relief cannot be granted on this claim because Plaintiff does not identify which "guidelines" Defendant allegedly violated, he does not allege that he was current on his loan payments, and he otherwise fails to allege any facts to support his wrongful foreclosure claim. Magistrate Judge Brill recommended that this claim be dismissed pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation. See Twombly, 550 U.S. at 555; All Fleet Refinishing, Inc. v. West Georgia Nat'l Bank, 634 S.E. 2d 802, 807 (Ga. Ct. App. 2006) (To state a claim for wrongful foreclosure under Georgia law, a plaintiff must establish "a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages."); Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E 2d 842 (Ga. Ct. App. 2004) (plaintiff's injury was "solely attributable to

its own acts or omissions both before and after the foreclosure" because it defaulted on its loan payments, failed to cure default, and did not bid on property at foreclosure sale).[4]

Plaintiff also appears to assert that foreclosure was wrongful because Defendant failed to comply with certain HAMP guidelines, did not produce the original note, and has not shown that Plaintiff "has not been a victim of robo-signing." (Compl. at 2). Magistrate Judge Brill found that relief cannot be granted on these claims because they are not cognizable under Georgia law and the Eleventh Circuit has consistently held that HAMP does not provide a private cause of action. Magistrate Judge Brill recommended that these claims be dismissed pursuant to Rule 12(b)(6), and the Court finds no plain error in this

---

[4] The Court notes that, to the extent Plaintiff intended to assert that foreclosure was wrongful because his mortgage was improperly securitized and Defendant lacked authority to foreclose because it is "only the servicer of the loan," relief cannot be granted on these claims because they are not cognizable under Georgia law. See, e.g., Searcy v. EMC Mortg. Corp., No. 1:10-cv-0965, 2010 Dist. LEXIS 119975, at *2 (N.D. Ga. Sept. 30, 2010) ("While it may well be that Plaintiff's mortgage was pooled with other loans into a securitized trust that then issued bonds to investors, that fact would not have any effect on Plaintiff's rights and obligations with respect to the mortgage loan, and it certainly would not absolve Plaintiff from having to make loan payments or somehow shield Plaintiff's property from foreclosure."); You v. JP Morgan Chase Bank, 743 S.E.2d 428, 433 (Ga. 2013) ("[T]he holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed."). Plaintiff's wrongful foreclosure claim is required to be dismissed for this additional reason.

recommendation.  See Miller v. Chase Home Fin., LLC, 677 F.2d 1113, 1116-17 (11th Cir. 2012) (private parties lack standing to pursue claims based on perceived violations of HAMP); Fabre v. Bank of Am., N.A., 523 F. App'x 661, 665 (11th Cir. 2013) ("Actual possession of the note is not required for a secured creditor seeking non-judicial foreclosure."); Davis v. Bank of Am., N.A., No. 1:11-cv-4552, 2012 WL 3949618, at *3 (N.D. Ga. May 17, 2012) report and recommendation accepted in part, 2012 WL 3949224 ("Courts in this district have rejected variations of the 'produce the note' argument and found that separation of the note and security deed does not render either instrument void.") (collecting cases); Wilson v. JP Morgan Chase Bank, N.A., No. 2:11-cv-00135-RWS, 2012 WL 603595, at *4 (N.D. Ga. Feb. 24, 2012) (no cause of action for "robo-signing" in Georgia).

      2.     Quiet Title

Magistrate Judge Brill found that, to the extent Plaintiff asserts a claim for quiet title, Plaintiff did not comply with the requirements of O.C.G.A. § 23-3-62, including because Plaintiff's Complaint does not identify the property and does not contain a "statement as to whether [Plaintiff's] interest is based upon a written instrument."  See O.C.G.A. § 23-3-62.  Magistrate Judge Brill found further that relief cannot be granted on this claim because Plaintiff does not allege, and the

facts do not support, that Plaintiff has satisfied his loan obligations. Magistrate Judge Brill recommended that Plaintiff's quiet title claim be dismissed pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation. See O.C.G.A. § 23-3-62 (complaint for quiet title must contain description of land, specification of petitioner's interest in land, statement whether interest is based on written instrument, description of adverse claims and claimants, and grounds upon which petitioner seeks to remove cloud on title); Warthen v. Litton Loan Servicing LP, No. 1:11-cv-2704-JEC, 2012 WL 4075629, at *5 (N.D. Ga. Mar. 26, 2012) (citing Sapp v. ABC Credit & Inv. Co., 253 S.E.2d 82 (Ga. 1979)) (dismissing quiet title action for failure to tender amount due on loan).[5]

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [7] is **ADOPTED**.

---

[5] The Court notes that Plaintiff's Complaint does not comply with the pleading requirements of Rule 10(b) of the Federal Rules of Civil Procedure and is required to be dismissed for this additional reason. Fed. R. Civ. P. 10(b) (the allegations of a claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . [and] [e]ach claim found upon a separate transaction or occurrence . . . shall be stated in a separate count"); see also Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (party that combines several claims for relief in a single count disregards these rules governing presentation of claims).

**IT IS FURTHER ORDERED** that Defendant Nationstar Mortgage's Motion to Dismiss [3] Plaintiff Rick Woodruff's Complaint is **GRANTED.**

**SO ORDERED** this 22nd day of June, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE